UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY M. BARSHAW, and CINDY WIERSMA-BARSHAW as individuals and as a marital community,<br><br>Plaintiffs,<br><br>v.<br><br>PILGRIMS PRIDE COMPANY et al.,<br><br>Defendants. | Case No. C22-1673RSM<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSE |

## I.   INTRODUCTION

This case comes before the Court on Plaintiffs' "Motion for Order on Summary Judgment Dismissing the Affirmative Defense of Failure to Mitigate." Dkt. #15. Defendant Pilgrims Pride Company ("Pilgrims") has filed an opposition. Dkt. #18. The Court has determined that it can rule on this issue without oral argument. For the following reasons, the Court DENIES Plaintiffs' Motion.

## II.   BACKGROUND

On November 6, 2019, Plaintiff Jeffrey Barshaw purchased a box of frozen "Country Post" brand chicken, manufactured by Defendant Pilgrims. Dkt. #1-3; Dkt. #16 ("Barshaw Decl."), ¶ 3.

He returned home, opened one of the sealed bags of frozen chicken, reached in, and had his palm pierced by a pair of metal shears inside the bag. *Id.*

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - 1

He called his mom, who told him to go to a hospital. Dkt. #16 at ¶ 4. He went to urgent care, where he says his hand was "wrapped," he was advised that he had a nerve injury and that they could not treat it further, and that "if the problem persisted, I should seek medical attention from the emergency department." *Id*.

The next day he saw a doctor. She consulted with a hand surgeon who recommended that Mr. Barshaw go to the emergency room if his symptoms worsened or persisted. *Id*. at 6. On November 11, 2019, after his hand "became red, irritated and increasingly painful" he went to the emergency room. *Id*. at 7. Hand surgery followed. *Id*. at 10.

This case was filed in King County Superior Court on February 8, 2022. Dkt. #1-3. Plaintiffs alleged Defendants' actions were negligent and violated several other laws including the Washington Products Liability Law, RCW 7.72 et seq. *Id*. The case was removed to this Court on November 22, 2022. Prior to removal, the state court found Pilgrims liable under RCW 7.72. As a result, the parties agree that trial will address damages only. Dkt. #12 at 2.

Pilgrims filed an Answer with 47 affirmative defenses, including one for failure to mitigate. Dkt. #15 at 2. Plaintiffs now move for summary judgment dismissal of that affirmative defense only. Dkt. #15.

### III.   DISCUSSION

**A. Legal Standard for Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - 2

the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**B. Analysis**

Plaintiffs cite a declaration of Mr. Barshaw and ask the Court "to find that there is no genuine issue of material fact whether Barshaw acted reasonably following his injury…. [because] he followed the advice of his health care providers and sought surgery at the earliest available opportunity." Dkt. #15 at 2. Plaintiffs point to the Washington Pattern Instructions for avoidable consequences, which discuss the "failure of the injured person to exercise ordinary care to avoid or minimize such new or increased damage," and which urge the jury to consider "the nature of the treatment, the probability of success of such treatment, the risk involved in such treatment, and all of the surrounding circumstances." *Id*. at 5 (citing WPI 33.01 and WPI 33.02).

Pilgrims rebut Mr. Barshaw's declaration with citations to the medical records. For example, the record for Mr. Barshaw's initial urgent care visit states "I recommend patient go to Swedish Mill Creek ER for further evaluation of his wound and treatment…. ER notification

ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT - 3

made to the ER." Dkt. #19-1 at 6. At Mr. Barshaw's next medical appointment, the records state the patient "[w]ent to [urgent care], was told to go to ER but he didn't. He went home instead." Dkt. #19-2 at 3. Pilgrims also cites to testimony from its expert witness.

On Reply, Plaintiffs point out that Mr. Barshaw may have avoided the emergency room due to financial considerations. Dkt. #21 at 7–8.

The medical records appear to contradict Plaintiff's version of events. Did he decline to follow medical advice? Was that reasonable? Whether this is a flat contradiction or otherwise is up to the jury. The issue at hand is failure to mitigate. Delaying an ER visit is obviously material given the subsequent exacerbation of Mr. Barshaw's injury. The Court must draw all reasonable inferences in favor of the non-moving party. Pilgrims does not need to submit expert testimony to the Court to prove anything at this stage in the litigation. Because there is a genuine dispute of material fact, summary judgment cannot be granted. The Court cannot rule as a matter of law that his actions were reasonable because he felt he could not afford a trip to the emergency room. Whether or not Mr. Barshaw failed to mitigate his damages is an issue of fact for the jury.

## IV.  CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' "Motion for Order on Summary Judgment Dismissing the Affirmative Defense of Failure to Mitigate," Dkt. #15, is DENIED.

DATED this 25th day of April, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE