1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY M. BARSHAW, and CINDY WIERSMA-BARSHAW, as individuals and as a marital community,<br><br>Plaintiffs,<br><br>v.<br><br>PILGRIM'S PRIDE COMPANY, et al.,<br><br>Defendants. | Case No. C22-1673RSM<br><br>ORDER DENYING MOTION TO EXCLUDE CERTAIN TESTIMONY OF PLAINTIFF'S PROPOSED EXPERT JIMMY DARUWALLA, M.D. |

## I.     INTRODUCTION

This matter comes before the Court on Defendant Pilgrim's Pride Company ("Pilgrim's Pride")'s Motion to bar Jimmy Daruwalla, M.D. from testifying at trial about certain findings from his Independent Medical Evaluation.  Dkt. #24.  Plaintiffs Jeffrey Barshaw and Cindy Wiersma-Barshaw oppose.  Dkt. #26.

## II.     BACKGROUND

The Court has set out the facts of this case previously and will only summarize the relevant facts here. On November 6, 2019, Mr. Barshaw purchased a box of "Country Post" brand chicken, manufactured by Pilgrim's Pride.  Dkt. #1-3.  Once home, Mr. Barshaw proceeded to

ORDER DENYING MOTION TO EXCLUDE CERTAIN TESTIMONY OF PLAINTIFF'S PROPOSED EXPERT JIMMY DARUWALLA, M.D. - 1

open one of the sealed bags of chicken, reached in, and had his palm pierced by a pair of metal shears inside the bag. *Id.*

On March 15, 2023, Dr. Jimmy Hoshang Daruwalla, M.D. ("Dr. Daruwalla"), conducted an Independent Medical Evaluation ("IME") of Mr. Barshaw's injury. Dkt. #25-1. Dr. Daruwalla proposes to offer his expert opinion that Mr. Barshaw has a "left median nerve laceration and injury related, on a more-probable-than-not basis, to the injury on November 6, 2019." *Id.* at 13.

A bench trial is set in this matter for September 18, 2023.

### III.   DISCUSSION

**A.  Legal Standard**

Federal Rule of Evidence 702 provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

"Under Rule 702, the trial court acts as a gatekeeper and ensures that the proffered scientific testimony meets certain standards of both relevance and reliability before it is admitted." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993). However, the district court's gatekeeping function is less critical in a bench trial as judges are less likely than jurors to be prejudiced by inadmissible expert opinions. *See Shore v. Mohave Cty.*, 644 F.2d 1320, 1322-23 (9th Cir. 1981). Where a judge is the finder of fact, the evidentiary standards related to the admissibility and consideration of evidence are relaxed as the judge can more appropriately

ORDER DENYING MOTION TO EXCLUDE CERTAIN TESTIMONY OF PLAINTIFF'S PROPOSED EXPERT JIMMY DARUWALLA, M.D. - 2

consider the objectionable evidence and it remains subject to exclusion or disregard.  *See E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 898 (9th Cir. 1994) (noting that "in a bench trial, the risk that a verdict will be affected unfairly and substantially by the admission of irrelevant evidence is far less than in a jury trial").

As an initial matter, the Court must determine whether the proffered witness is qualified as an expert by "knowledge, skill, experience, training, or education."  Fed. R. Civ. P. 702. Because the Rule "contemplates a *broad conception* of expert qualifications," only a "*minimal foundation* of knowledge, skill, and experience" is required.  *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015-16 (9th Cir. 2004) (emphasis in original) (quoting *Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1269 (9th Cir. 1994)).  A "lack of particularized expertise goes to the weight of [the] testimony, not its admissibility."  *United States v. Garcia*, 7 F.3d 885, 890 (9th Cir. 1993) (citing *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984)); *Daubert v. Merrell Dow Pharm., Inc. ("Daubert II")*, 43 F.3d 1311, 1315 (9th Cir. 1995).

The trial court must also ensure that the proffered expert testimony is reliable.  Generally, to satisfy Rule 702's reliability requirement, "the party presenting the expert must show that the expert's findings are based on sound science, and this will require some objective, independent validation of the expert's methodology."  *Daubert II*, 43 F.3d at 1316.  Toward this end, the Supreme Court in *Daubert I* set forth the following factors for the trial court to consider when assessing the reliability of proffered expert testimony: (1) whether the expert's method, theory, or technique is generally accepted within the relevant scientific community; (2) whether the method, theory, or technique can be (and has been) tested; (3) whether the method, theory, or technique has been subjected to peer review and publication; and (4) the known or potential rate of error of the method, theory, or technique.  *Daubert I,* 509 U.S. at 593-94.  An expert opinion

ORDER DENYING MOTION TO EXCLUDE CERTAIN TESTIMONY OF PLAINTIFF'S PROPOSED EXPERT JIMMY DARUWALLA, M.D. - 3

is reliable if it is based on proper methods and procedures rather than "subjective belief or unsupported speculation." *Id.* at 590. The test for reliability "'is not the correctness of the expert's conclusions but the soundness of his methodology.'" *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007) (quoting *Daubert II*, 43 F.3d at 1318).

Alternative or opposing opinions or tests do not "preclude the admission of the expert's testimony – they go to the *weight*, not the admissibility." *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1231 (9th Cir. 1998). Furthermore, "'[d]isputes as to the strength of [an expert's] credentials, faults in his use of [a particular] methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony.'" *Id.* (quoting *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995)).

Finally, the Court must ensure that the proffered expert testimony is relevant. As articulated in Rule 702, expert testimony is relevant if it assists the trier of fact in understanding evidence or in determining a fact in issue. *Daubert I*, 509 U.S. at 591. Thus, the party proffering such evidence must demonstrate a valid scientific connection, or "fit," between the evidence and an issue in the case. *Id.* Expert testimony is inadmissible if it concerns factual issues within the knowledge and experience of ordinary lay people because it would not assist the trier of fact in analyzing the evidence. In the Ninth Circuit, "[t]he general test regarding the admissibility of expert testimony is whether the jury can receive 'appreciable help' from such testimony." *United States v. Gwaltney*, 790 F.2d 1378, 1381 (9th Cir. 1986). Because unreliable and unfairly prejudicial expert witness testimony is not helpful to the trier of fact, the trial court should exclude such evidence. *Jinro Am., Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1004 (9th Cir. 2001). Likewise, expert testimony that merely tells the jury what result to reach is inadmissible. Fed. R. Evid. 704, Advisory Committee Note (1972); *see, e.g.*, *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir.

1994) ("When an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.").

## B.  Analysis

Pilgrim's Pride seeks to exclude certain parts of Dr. Daruwalla's testimony regarding the Independent Medical Evaluation he conducted earlier this year. The testimony in dispute relates to the potential consequences of Mr. Barshaw's delayed reporting to an emergency room, a burn injury Mr. Barshaw sustained, Mr. Barshaw's alleged ongoing synovitis, inflammation, contractures, and scarring, Mr. Barshaw's ability to perform a pinch grip test, and Mr. Barshaw's insurance status and his inability to pay for surgery.  Pilgrim's Pride argues that this testimony should be excluded for three main reasons: (1) the testing employed by Dr. Daruwalla undermined the scientific validity and reliability of his opinion, (2) Dr. Daruwalla's testimony is contradictory and unreliable, and (3) Dr. Daruwalla lacks the necessary expertise and factual basis for such opinions.

The Court finds that Pilgrim's Pride's arguments all go to the weight, not the admissibility of Dr. Daruwalla's testimony and thus, are allowed. Furthermore, because this is a bench trial, the Court is more than capable of ruling on these issues at or after trial and finds that Pilgrim's Pride's concerns are best addressed through cross-examination and the presentation of contrary evidence for the following reasons.

### 1.  Qualification

After reviewing the submitted materials, the Court finds Dr. Daruwalla qualified to opine on Mr. Barshaw's condition based on the evaluations and tests he conducted. Because Rule 702 contemplates a broad conception of expert qualifications, only a minimal foundation of

knowledge, skill, and experience is required. *Hagarter*, *supra*. The Court's review of the attached

exhibits demonstrates Dr. Daruwalla has the necessary foundation as to the issues presented here.

### 2. Reliability and Relevance

#### i. Findings from the Tinel and Two-Point Tests

Pilgrim's Pride asserts that Dr. Daruwalla's "reliance on subjective data makes his

methodology questionable and untrustworthy." Dkt. #24 at 5. Specifically, Pilgrim's Pride

argues that the Tinel and the Two-Point Discrimination tests were based on subjective reporting

from Mr. Barshaw and that alternative, objective tests should have been administered. *Id*.

Although the Court acts as a gatekeeper here, it will not weigh whether an allegedly more

objective test would have been better. Pilgrim's Pride does not adequately explain why Dr.

Daruwalla's reliance on Mr. Barshaw's statements and his own experience in conducting these

tests negates his ability to opine on Mr. Barshaw's condition. The tests employed by Dr.

Daruwalla appear to be of sound methodology for developing his opinion. Thus, this will not

serve as a basis to exclude this testimony. Pilgrim's Pride is free to argue at trial that Dr.

Daruwalla's findings should not be afforded much weight because the tests he administered rely

on subjective reporting.

#### ii. Dr. Daruwalla's opinion about the consequences of Mr. Barshaw's delayed reporting to an emergency room.

Pilgrim's Pride next argues that Dr. Daruwalla's opinion about the consequences of Mr.

Barshaw's delayed reporting to an emergency room should be excluded because his testimony is

contradictory. The statements made by Dr. Daruwalla do not render his opinion irrelevant or

inadmissible. Dr. Daruwalla explained the context of his statements and restated his opinion on

Mr. Barshaw's condition. Pilgrim's Pride is free to attack Dr. Daruwalla's opinion on cross-

examination.

ORDER DENYING MOTION TO EXCLUDE CERTAIN TESTIMONY OF PLAINTIFF'S
PROPOSED EXPERT JIMMY DARUWALLA, M.D. - 6

### iii.   Dr. Daruwalla's opinion about whether Mr. Barshaw burned his hand.

Pilgrim's Pride next argues that Dr. Daruwalla's opinion on Mr. Barshaw's burn injury should be excluded because he is not a burn expert, and thus lacks the necessary expertise to opine on this matter. It is not clear to the Court that Dr. Daruwalla intends to testify outside his area of expertise. Dr. Daruwalla explains in his declaration that as an experienced hand surgeon, he "has treated all manner of hand injuries, including burn injuries," and that his "opinions on the cause of his burn are based on sufficient facts and data and are the product of reliable principles and methods." Dkt. #28 ¶¶ 17-18. Disagreement as to this issue can be addressed through objections at trial.

### iv.   Dr. Daruwalla's opinion about Mr. Barshaw's alleged ongoing synovitis, inflammation, contractures, and scarring.

Pilgrim's Pride next argues that Dr. Daruwalla's opinion about Mr. Barshaw's ongoing synovitis, inflammation, contractures, and scarring should be excluded for two reasons: (1) no concrete evidence exists to support these conditions and (2) Dr. Daruwalla relied on Mr. Barshaw's statements that he could not fully flex certain muscles to arrive at his conclusion. Similar to the discussion on the Tinel and Two-Point tests above, the Court finds that opinions derived from tests that rely on subjective elements do not necessarily render the opinions inadmissible. Pilgrim's Pride is more than free to attack Dr. Daruwalla's opinions on cross-examination.

### v.   Dr. Daruwalla's opinion about Mr. Barshaw's ability to perform a pinch grip test.

Pilgrim's Pride next argues that Dr. Daruwalla's opinion about Mr. Barshaw's ability to perform a pinch grip test should be excluded because Dr. Daruwalla did not conduct such test. Rather, Dr. Daruwalla relied on another expert's assessment to arrive to this conclusion. "[W]hile

ORDER DENYING MOTION TO EXCLUDE CERTAIN TESTIMONY OF PLAINTIFF'S PROPOSED EXPERT JIMMY DARUWALLA, M.D. - 7

a court may reject wholly speculative or unfounded testimony, it abuses its discretion if it overlooks relevant data submitted as the foundation of an expert's remarks." *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1025 (9th Cir. 2022). Dr. Daruwalla asserts his opinion regarding Mr. Barshaw's inability to perform a pinch test was based on Dr. Christopher Olch's findings, Mr. Barshaw's medical records, and his own experience. Dkt. #28. It appears Dr. Barshaw's findings are based on both his own expertise and that of others. Given that this is a bench trial, the Court will not exclude this testimony. Any potential issues can be dealt with during the bench trial.

### vi.    Findings made by Dr. Daruwalla that were not included in the IME Report.

The Ninth Circuit has held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that [their] opinions were formed during the course of treatment." *Goodman v. Staples the Off. Superstore, LLC*, 644 F.3d 817, 826 (9th Cir, 2011). Thus, under Rule 26(a)(2), Dr. Daruwalla is allowed to testify about his findings even if these were not included in his IME Report, so long as his testimony relates to opinions formed during the course of treatment.

### vii.    Dr. Daruwalla's opinion about Mr. Barshaw's insurance status and his inability to pay for surgery.

Finally, Pilgrim's Pride argues that Dr. Daruwalla's opinion about Mr. Barshaw's insurance status and his inability to pay for surgery should be excluded because Dr. Daruwalla lacks the necessary expertise to arrive at these conclusions. Mr. Barshaw refutes this contention by arguing that Dr. Daruwalla's opinion was specific to his office's insurance practice, not insurance practice in general. Dr. Daruwalla is limited to testimony regarding the common insurance practices he has observed within his office, as he has not established his expertise in this field to speak about it generally.

ORDER DENYING MOTION TO EXCLUDE CERTAIN TESTIMONY OF PLAINTIFF'S PROPOSED EXPERT JIMMY DARUWALLA, M.D. - 8

# IV.    CONCLUSION

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Pilgrim's Pride Company's Motion to Exclude Certain Testimony of Plaintiff's Proposed Expert Jimmy Daruwalla, M.D., Dkt. #24, is DENIED.

DATED this 31st day of July, 2023.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO EXCLUDE CERTAIN TESTIMONY OF PLAINTIFF'S
PROPOSED EXPERT JIMMY DARUWALLA, M.D. - 9